### FEDERAL SIGN SYSTEM (ELECTRIC) v. PESCIA.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

JUDGMENT (§ 90*)—VACATION—RIGHT TO VACATE.

After issue joined in an action in the Municipal Court, the parties entered into an agreement stipulating that defendant's answer should be withdrawn and that plaintiff should have judgment for the amount claimed, but that no execution should issue for a certain time. Judgment was entered in accordance with the stipulation, and, after the time within which execution should not be issued had expired, defendant moved for a vacation of the judgment on the ground that his attorney had signed the stipulation under the impression that the amount claimed was very much less than the amount of the judgment. *Held*, that as the amount claimed clearly appeared from the complaint and summons, and as Municipal Court Act (Laws 1902, c. 580) § 1, subd. 16, authorizes that tribunal to enter judgment with consent of the parties, an order vacating the judgment was improper and should be reversed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 148, 149; Dec. Dig. § 90.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Federal Sign System (Electric) against Enrico V. Pescia. A judgment for plaintiff was vacated on defendant's motion, and plaintiff appeals. Order reversed, and judgment reinstated.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Paine & Harrison, of New York City, for appellant.
Bernard S. Deutsch, of New York City, for respondent.

GUY, J. After issue had been joined in this action, the attorneys for the respective parties entered into a written stipulation dated and signed on September 19, 1913, by the terms of which it was agreed that the answer of the defendant should be deemed withdrawn, and that the plaintiff should have judgment for the amount claimed in the complaint with costs, and that the defendant should have a stay of all

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceedings to enforce the judgment, and that no transcript of the judgment should be docketed and no execution issued until November 15, 1913. Judgment in favor of the plaintiff was thereupon entered. On December 18, 1913, the defendant made a motion for an order "vacating and setting aside the judgment heretofore rendered in favor of the plaintiff and against the defendant and opening the default of the defendant and setting the case down for trial." This motion was granted, and from the order granting the same the plaintiff appeals.

The grounds of this motion were that the defendant's attorney had signed the stipulation "under the impression that the amount claimed by the plaintiff was only the sum of $10.35, instead of $441.41." How or why the defendant's attorney received such an impression is not disclosed in the moving papers. The summons claimed $441.41, and the complaint set forth two causes of action, one in paragraph 3 claiming $10.35, and one in paragraph 5 claiming $431.06, and each paragraph was specifically denied by the answer. The Municipal Court Act, § 1, subd. 16, confers jurisdiction upon the Municipal Court to enter a judgment in an action upon "consent of both parties," and the judgment in the case at bar was therefore not a default judgment.

Order reversed, with costs, and judgment reinstated. All concur.